UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DENNAL JAMES ELAM,

        Petitioner,

                              CASE NO. 05-CV-70064-DT
v.                            HONORABLE NANCY G. EDMUNDS

THOMAS K. BELL,

        Respondent.
_____/

## OPINION AND ORDER DENYING PETITION
## FOR WRIT OF HABEAS CORPUS

Dennal James Elam ("Petitioner"), an inmate currently confined at the Gus Harrison Correctional Facility in Adrian, Michigan, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his convictions for two counts of third-degree criminal sexual conduct , Mich. Comp. L. § 750.520d(1)(a) (victim between age 13 and 16), which were imposed following a jury trial in the Macomb County Circuit Court in 2002. Petitioner was sentenced to concurrent terms of 9 ½ to 15 years imprisonment. In his pleadings, Petitioner raises claims of prosecutorial misconduct. For the reasons stated below, the Court denies the petition for writ of habeas corpus.

**I.**    **Facts**

Petitioner's convictions stem from his sexual assault upon 13-year-old Rickeyca Jefferson on the evening of July 3, 2000 at his family's home in Macomb County, Michigan. During opening statements, the prosecutor made a statement indicating the Petitioner had a parole officer. The defense objected and moved for a mistrial. The prosecutor admitted that he

1

mis-spoke when referencing Petitioner's parole officer. The trial court and the parties discussed the matter outside the jury's presence for several minutes. The trial court then denied the motion for mistrial, but told the jury that the prosecutor mis-spoke and that Petitioner was not on parole. The court also instructed the jury to disregard the prosecutor's statement. The prosecutor made no further reference to parole or probation.

The victim, Ms. Jefferson, subsequently testified that Petitioner assaulted her when she was spending the night at his family's home. Petitioner approached her while she was trying to go to sleep on the couch. He pushed up her dress, touched her legs, and removed her panties. Petitioner then penetrated her vagina with his tongue and penis. She kept telling him to stop but he kept telling her it would be okay. Other family members were in the house at the time of the assault, but Ms. Jefferson did not yell for help. She subsequently went to bathroom and was bleeding because the intercourse was painful. Ms. Jefferson stayed at the home the next day. She did not tell her brother and her mother about the assault until a month after it occurred. Her mother then called the police and took her to the hospital. She also went to counseling for several months.

Ms. Jefferson's mother, Marquerite Horne, testified that her daughter told her that Petitioner had raped her. Ms. Horne reported the assault to police. Petitioner subsequently came to her home, said he was sorry, and asked for forgiveness. Ms. Jefferson testified that Petitioner admitted having oral sex and vaginal intercourse with her daughter.

Detective Raymond Langley testified that he interviewed Petitioner about the incident. Petitioner initially denied knowing Ms. Jefferson and denied knowing about the assault. He wrote a statement and left, before returning a few minutes later and asking to speak to the officer again. Petitioner then admitted knowing Ms. Jefferson and said that she was interested in having

sex with him at his mother's home on the night of the fireworks. He admitted engaging in oral sex with her that evening, but did not mention intercourse, and wrote a statement to that effect.

At the close of trial, the jury found Petitioner guilty of two counts of third-degree criminal sexual conduct. The trial court subsequently sentenced him to concurrent terms of 9 ½ to 15 years imprisonment on those convictions.

## II.     Procedural History

Following sentencing, Petitioner filed an appeal as of right with the Michigan Court of Appeals essentially raising the same claims contained in his habeas petition. The court affirmed his convictions and sentence. *People v. Elam*, No. 240595, 2003 WL 22340912 (Mich. App. Oct. 14, 2003) (unpublished). Petitioner then filed an application for leave to appeal with the Michigan Supreme Court, which was denied. *People v. Elam*, 470 Mich. 865, 660 N.W.2d 897 (2004).

Petitioner thereafter filed the present petition for writ of habeas corpus asserting that the prosecutor engaged in misconduct by inaccurately stating during opening arguments that Petitioner had a parole officer. Petitioner claims that this tainted the jury and improperly shifted the burden of proof to the defense. Respondent has filed an answer to the petition contending that it should be denied for lack of merit.

## III.    Standard of Review

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq.*, govern this case because Petitioner filed his habeas petition after the AEDPA's effective date. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). The AEDPA provides:

> An application for a writ of habeas corpus on behalf of a person in custody

3

>pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
>(1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
>(2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d) (1996).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)); *see also Bell v. Cone*, 535 U.S. 685, 694 (2002). "[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413); *see also Bell*, 535 U.S. at 694. "In order for a federal court find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also Williams*, 529 U.S. at 409.

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the

4

Supreme Court at the time the state court renders its decision. *See Williams*, 529 U.S. at 412; *see also Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003). Section 2254(d) "does not require citation of [Supreme Court] cases–indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002); *see also Mitchell*, 540 U.S. at 16. While the requirements of "clearly established law" are to be determined solely by the Supreme Court's holdings, the decisions of lower federal courts are useful in assessing the reasonableness of the state court's resolution of an issue. *See Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003); *Dickens v. Jones*, 203 F. Supp. 354, 359 (E.D. Mich. 2002) (Tarnow, J.).

Lastly, this Court must presume that state court factual determinations are correct. *See* 28 U.S.C. § 2254(e)(1). A habeas petitioner may rebut this presumption only with clear and convincing evidence. *See Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998).

**IV.    Analysis**

Petitioner asserts that he is entitled to habeas relief because the prosecution engaged in misconduct and shifted the burden of proof by inaccurately stating during opening statements that Petitioner had a parole officer. Respondent contends that these prosecutorial misconduct claims lack merit.

The United States Supreme Court has stated that prosecutors must "refrain from improper methods calculated to produce a wrongful conviction." *Berger v. United States*, 295 U.S. 78, 88 (1935). To prevail on a claim of prosecutorial misconduct, a habeas petitioner must demonstrate that the prosecutor's remarks "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Donnelly v. DeChristoforo*, 416 U.S. 637, 643

5

(1974).

The United States Court of Appeals for the Sixth Circuit has adopted a two-part test for determining whether prosecutorial misconduct violates a defendant's due process rights. *See Macias v. Makowski*, 291 F.3d 447, 452 (6th Cir. 2002) (citing cases). First, the court must determine whether the challenged statements were indeed improper. *Id*. at 452. Upon a finding of impropriety, the court must decide whether the statements were flagrant. *Id.* Flagrancy is determined by an examination of four factors: 1) whether the statements tended to mislead the jury or prejudice the accused; 2) whether the statements were isolated or among a series of improper statements; 3) whether the statements were deliberately or accidentally before the jury; and 4) the total strength of the evidence against the accused. *Id.*; *see also Boyle v. Million*, 201 F.3d 711, 717 (6th Cir. 2000) (citing *United States v. Francis*, 170 F.3d 546, 549-50 (6th Cir. 1999)). "[T]o constitute the denial of a fair trial, prosecutorial misconduct must be 'so pronounced and persistent that it permeates the entire atmosphere of the trial,' or 'so gross as probably to prejudice the defendant.'" *Pritchett v. Pitcher*, 117 F.3d 959, 964 (6th Cir. 1997) (citations omitted).

In this case, the Michigan Court of Appeals determined that the prosecutor's comment did not deny Petitioner a fundamentally fair trial, stating:

> Defendant argues that he was denied a fair trial and the burden of proof was impermissibly shifted because the prosecutor improperly referred to defendant's parole officer in opening statement although defendant was not on parole and did not have a parole officer. We disagree.
>
> We review "de novo allegations of prosecutorial misconduct." *People v Pfaffle*, 246 Mich App 282, 288; 632 NW2d 162 (2001). "The test of prosecutorial misconduct is whether the defendant was denied a fair and impartial trial." *People v Daniel*, 207 Mich App 47, 56; 523 NW2d 830 (1994). "Jurors are presumed to follow their instructions, and instructions are presumed to cure most errors." *People v Abraham*, 256 Mich App 265, 278-279; 662 NW2d 836

6

(2003).

> Having thoroughly reviewed the record, we find that defendant was not denied a fair trial nor was the burden of proof improperly shifted to defendant. Immediately after the prosecutor uttered the inaccurate remark, defense counsel objected and the trial court excused the jury. The prosecutor admitted that he had misspoken, intending to say probation officer instead of parole officer. The trial court instructed the jury that the prosecutor had misspoken and defendant was never on parole and did not have a parole officer. The prosecutor made no further mention of either a parole officer or a probation officer at any point during trial. The trial court again instructed the jury before deliberations that the attorneys' statements and arguments are not evidence. *People v Bahoda*, 448 Mich 261, 281; 531 NW2d 659 (1995). Because the prosecutor made no further mention of a parole officer and the trial court adequately instructed the jury, we find that defendant was not denied a fair trial nor was the burden of proof impermissibly shifted to defendant.

*Elam*, 2003 WL 22340912 at *1.

Having reviewed the record, this Court finds that the Michigan Court of Appeals' decision is neither contrary to Supreme Court precedent nor an unreasonable application of the law or the facts. Petitioner has not shown that any prosecutorial error was so flagrant as to deprive him of a fundamentally fair trial. While the prosecutor's comment that Petitioner had a parole officer was apparently inaccurate, it was isolated in nature, was not misleading as to relevant evidence or the underlying facts of the case, and was not overly prejudicial since the trial court promptly informed the jury of the prosecutor's misstatement and gave a curative instruction. Additionally, given the evidence at trial, including the victim's testimony and Petitioner's own admissions, it cannot be said that the prosecutor's comment rendered the trial fundamentally unfair.

Lastly, the Court notes that while it is improper for the prosecution to impliedly shift the burden of proof to a defendant, *see United States v. Clark*, 982 F.2d 965, 968-69 (6th Cir. 1993), the prosecutor's parole officer comment did not do so. In fact, the trial court informed the jury

7

that the prosecutor's comment was inaccurate and further instructed the jury that the prosecution retained the burden of proving each element of the charged offenses. Habeas relief is not warranted on basis of prosecutorial misconduct.

## V. Conclusion

For the reasons stated, this Court concludes that Petitioner is not entitled to federal habeas relief on the claims presented in his petition.

Accordingly;

**IT IS ORDERED** that the petition for writ of habeas corpus is **DENIED WITH PREJUDICE**.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: January 10, 2006

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 10, 2006, by electronic and/or ordinary mail.

s/Carol A. Hemeyer
Case Manager